

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Rivera Guerra<br><br>    Recurrido<br><br>        v.<br><br>Comisión Estatal de Elecciones, et als.<br><br>    Peticionarios | Certiorari<br><br>2012 TSPR 167<br><br>187 DPR ____ |

Número del Caso: CC-2012-987

Fecha: 5 de noviembre de 2012

Tribunal de Apelaciones:

        Región Judicial de San Juan

Abogado de la Parte Peticionaria:

        Lcdo. Ramón Walker Merino

Abogado de la Parte Recurrida:

        Lcdo. José Santiago Álvarez

Materia: Código Electoral de Puerto Rico para el Siglo XXI – Definición de "aspirante"; nominación directa; observadores en colegios de votación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rivera Guerra

    Recurrido

       v.                          CC-2012-987       Certiorari

Comisión Estatal de
Elecciones, et als.

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 5 de noviembre de 2012.

La controversia que se nos presenta en el caso de autos es novel: ¿tiene derecho una persona que se autoproclama candidato por nominación directa (*write-in*) a tener observadores en los colegios de votación durante una elección general? Determinamos que la contestación a tal interrogante, conforme al derecho puertorriqueño, es en la negativa.

**I**

El recurrido, José L. Rivera Guerra, fue electo en los pasados comicios como Representante a la Cámara por el Distrito 17 de Aguadilla-Moca, bajo la insignia del Partido Nuevo Progresista (P.N.P.). Sin embargo, para las

elecciones que se celebrarán el próximo 6 de noviembre de 2012, el recurrido no podrá participar como candidato del P.N.P., pues ese partido solicitó y obtuvo el remedio de descalificación para que no pudiera aparecer como candidato bajo su insignia. En vista de lo anterior, el recurrido anunció públicamente su intención de aspirar al cargo por el distrito que en la actualidad representa, mediante el proceso de nominación directa (*write-in*).

Para poder recibir las aportaciones necesarias para financiar su campaña, el recurrido solicitó y obtuvo de la Oficina del Contralor Electoral de Puerto Rico una certificación registrando como comité político el "Comité José Luis Rivera Guerra 'Write-In'". A finales del mes de agosto, el recurrido Rivera Guerra notificó por escrito a la Comisión Estatal de Elecciones su decisión de aspirar por nominación directa al escaño que ocupa en la actualidad y solicitó tener observadores en representación de su candidatura, en los colegios de votación del Distrito 17.

Sin embargo, reunidos en pleno los seis (6) Comisionados que componen la Comisión Estatal de Elecciones determinaron unánimemente rechazar la solicitud del recurrido de contar con observadores. Así las cosas, el Representante Rivera Guerra decidió acudir en Revisión ante el Tribunal de Primera Instancia (TPI) en busca de que ese foro revocara la decisión de la Comisión Estatal de Elecciones. En apoyo de su reclamo ante el TPI, Rivera Guerra alegó que "su aspiración se evidencia[ba] en la inscripción del Comité de Acción Política ante el Contralor

Electoral" y que, además, "est[aba] haciendo campaña activa en los pueblos de Aguadilla y Moca para esa posición, promocion[ando] ... su candidatura y recauda[ndo] fondos".

Por último, el Representante Rivera Guerra argumentó ante el TPI que conforme al Art. 5.009 del Código Electoral de Puerto Rico para el Siglo XXI, Ley Núm. 78-2011, según enmendada,[1] 16 L.P.R.A. sec. 4049 le asiste el derecho a tener los observadores solicitados. Ello, porque conforme al Art. 2.003(6) del Código Electoral, *supra*, él es "un aspirante por elección directa al cargo de Representante que ha realizado, y realiza actividades, recaudaciones y eventos dirigidos a ese fin".

Tras varios trámites procesales que incluyeron la celebración de una vista evidenciaria, el 31 de octubre de 2012, el TPI revocó la Resolución denegatoria de la Comisión Estatal de Elecciones. Concluyó el TPI que el honorable Rivera Guerra es aspirante al cargo de Representante por Distrito, por lo que tiene derecho a un observador en cada Junta de Colegio. El TPI resolvió, además, que conforme al Art. 2.003(6) del Código Electoral, *supra*, no toda persona que exprese su intención de aspirar a un puesto electivo, constituye un aspirante con derecho a observadores, y que "como ocurrió en el presente caso, la persona debe realizar actos afirmativos de los cuales se pueda inferir que intenta obtener la elección mediante el mecanismo de nominación directa (*Write-in*)". Concluyó además

---

[1] 16 L.P.R.A. sec. 4001 *et seq.*

el TPI, que "no es correcta en Derecho la interpretación de la Comisión Estatal de Elecciones de que el Art. 5.009 se refiere exclusivamente al procedimiento de primarias".

Inconforme, el Comisionado Electoral del P.N.P., Sr. Edwin Mundo Ríos, presentó un recurso de *Certiorari* ante el Tribunal de Apelaciones, en el que alegó que incidió el TPI al concluir que el recurrido tiene derecho conforme al Código Electoral, *supra*, a tener observadores y a todo beneficio que surja del mismo. Esto, porque el honorable Rivera Guerra no es considerado candidato certificado por la Comisión Estatal de Elecciones en un evento eleccionario.

Así las cosas, el Tribunal de Apelaciones concedió al recurrido José L. Rivera Guerra, a la Comisión Estatal de Elecciones y a los Comisionados Electorales de todos los partidos, hasta el pasado viernes 2 de noviembre de 2012 a las 2:00 de la tarde, para la presentación de los correspondientes "escritos en oposición". El aquí recurrido compareció oponiéndose a la expedición del *certiorari* y la Comisión Estatal de Elecciones compareció en apoyo del recurso presentado por el P.N.P.

En esencia, la Comisión Estatal de Elecciones argumentó en primer lugar que el TPI le dio "una interpretación contraria a lo establecido en el Código Electoral al término 'aspirante'". Además, señaló que "el recurrido José Luis Rivera Guerra no puede reclamar el derecho a votar mediante nominación directa toda vez que este es potestativo del elector, no de ningún candidato".

Habiendo recibido la posición tanto del aquí recurrido como de la Comisión Estatal de Elecciones, el pasado viernes 2 de noviembre de 2012, el foro apelativo intermedio dictó sentencia confirmando la sentencia del TPI. Inconforme, el sábado, 3 de noviembre de 2012, a la 1:54 de la tarde, la Comisión Estatal de Elecciones presentó ante esta Curia un recurso de *Certiorari* en el que solicita se revoque la sentencia del Tribunal de Apelaciones. Con su recurso, la Comisión Estatal de Elecciones también nos solicitó que a tenor con la Regla 28 de nuestro Reglamento y en auxilio de nuestra jurisdicción, paralizáramos el efecto de la sentencia dictada por el Tribunal de Apelaciones. En su recurso, la Comisión Estatal de Elecciones argumentó como único error lo siguiente:

> Erró el TA al concluir que el recurrido tiene derecho a observadores en los colegios electorales el día de las elecciones aunque no es candidato.

Atendido el recurso, el mismo día expedimos el auto, paralizamos la sentencia y concedimos a las partes hasta las 10:00 de la mañana del domingo 4 de noviembre de 2012 para presentar sus correspondientes alegatos. Cumplido el término concedido, ninguna de las partes compareció a presentar sus respectivos alegatos. Sin más y ante la premura que se requiere por la proximidad del evento electoral, resolvemos.

**II**

Aunque ni el Código Electoral, *supra*, ni ninguno de los reglamentos o manuales emitidos por la Comisión Estatal de Elecciones define de manera expresa lo que constituye un

"observador", el "Reglamento para la acreditación y funciones de los observadores que participan en las juntas de colegio en representación de cada uno de los candidatos a representante por distrito y senador por distrito en las elecciones" establece cuáles serán sus funciones.[2] Este Reglamento dispone en su sección 2.4, 2b, que la labor de estos funcionarios es la de observar los procesos y tomar notas personales, si así lo desean. No tendrán derecho a voz en los procesos y deliberaciones del colegio. Además, "[e]n ningún momento podrán intervenir en el proceso, trabajar con el material electoral...[ni] participa[r] de las controversias que puedan surgir en los colegios; de así hacerlo, tendrán que abandonar el mismo".[3] De manera que, parafraseando expresiones del ex Juez Asociado Negrón García, los observadores no son actores sino, meramente eso, observadores.[4]

Ahora bien, una vez designada y juramentada para fungir como observador, una persona tiene el derecho y la responsabilidad de mantenerse dentro del colegio de votación durante todo el tiempo que la ciudadanía ejerce su derecho al voto, y una vez cerrados los colegios, podrá permanecer en este para observar el escrutinio "siempre que no

---

[2] Reglamento para la acreditación y funciones de los observadores que participan en las juntas de colegio en representación de cada uno de los candidatos a representante por distrito y senador por distrito en las elecciones, Sec. 2.4, 2b.

[3] Íd.

[4] Sánchez Colón v. E.L.A. I, 134 D.P.R. 445, 452 (1993). Opinión Disidente del Juez Asociado señor Negrón García.

interrump[a] o interfier[a] con los trabajos electorales".[5] De manera que el observador es una figura que, en representación de un aspirante o candidato, ocupa un lugar y espacio dentro de cada colegio de votación.

Por otro lado, el Art. 2.003(6) del Código Electoral, *supra*, define "Aspirante" como:

Toda aquella persona que interese obtener la nominación formal de una candidatura a un puesto electivo por un partido político. Este término incluirá a las personas que razonablemente se pueda inferir que intentan obtener la candidatura o que realizan actividades, recaudaciones o eventos dirigidos a ese fin.

El Art. 2.003 en su inciso (8), define a su vez el término "candidato" como "[t]oda persona **certificada** como tal por la Comisión Estatal de Elecciones". (Énfasis suplido.) Además, y muy pertinente a la controversia que nos ocupa, el Art. 2.003(10) define el término "candidatura" como la "aspiración individual a cualquier cargo público electivo".

Por último, el Art. 8.018 en su parte pertinente señala que "[t]odo aspirante a una candidatura para un cargo público electivo debe figurar en el Registro de Electores Afiliados del partido que corresponda y **deberá prestar juramento ante un funcionario autorizado para tomar juramentos...**". (Énfasis suplido.) Así también, el Art. 8.017 dispone que "[e]l Secretario expedirá una certificación de los aspirantes **que hayan completado los**

---

[5] Reglamento para la acreditación y funciones de los observadores que participan en las juntas de colegio en representación de cada uno de los candidatos a representante por distrito y senador por distrito en las elecciones, Sec. 2.4, 1b.

**requisitos necesarios** y que figurarán en la papeleta correspondiente". (Énfasis suplido.)

III

En el caso de autos, el Tribunal de Apelaciones determinó que al declararse candidato por nominación directa y llevar a cabo distintas actividades y acciones encaminadas a ese fin, el recurrido José L. Rivera Guerra se convirtió en un "aspirante" para efectos del Art. 5.009 del Código Electoral, *supra*. Al definir al recurrido como un aspirante, el foro apelativo intermedio determinó que le correspondía, según el referido Art. 5.009, el tener un observador en cada colegio de votación. El Art. 5.009 establece lo siguiente:

> **Artículo 5.009. — Junta de Colegio. —**
>
> En cada Colegio de Votación habrá una Junta de Colegio integrada por un Inspector en Propiedad, un Inspector Suplente y un Secretario en representación de cada partido político o candidato independiente, y un observador por cada uno de los aspirantes y candidatos a representante por distrito y senador por distrito. En el caso de un referéndum, consulta o plebiscito, los integrantes de cada Junta de Colegio serán nombrados por los directivos centrales de los partidos políticos u organizaciones que participen en dicha elección, certificada a esos efectos por la Comisión.
> La Comisión proveerá mediante reglamento todo lo relativo a los formularios y procedimientos para hacer efectivo tales nombramientos.
>
> En el caso de los Observadores, el Presidente de la Comisión con el Comisionado del Partido correspondiente se encargaran y serán los responsables de la acreditación de los mismos. Además, establecerá por reglamento sus funciones.

En primer lugar y con relación a la aspiración del recurrido José L. Rivera Guerra, debemos dar por descartado lo que es evidente: este no es un "candidato" para efectos de la Ley Electoral porque **no ostenta una certificación como tal concedida por la Comisión Estatal de Elecciones.**

Ahora bien, ciertamente un asunto principal en la resolución de la controversia que nos ocupa es determinar si una persona puede, aun sin cumplir con la definición de "candidato", ser considerado como un "aspirante" según el Código Electoral, *supra*, específicamente en su Art. 2.003(6). Basado en el Art. 2.003(6), el foro apelativo intermedio determinó en su sentencia que el recurrido es un aspirante porque intenta obtener un puesto electivo mediante el mecanismo de nominación directa (*Write-in*) realizando actividades, recaudaciones y eventos dirigidos a ese fin. Entre esas actividades el Tribunal de Apelaciones menciona con insistencia el hecho de que el recurrido consiguió la inscripción ante el Contralor Electoral de la agrupación política "José Luis Rivera Guerra Write In" y que mediante la presentación ante dicho organismo de toda la documentación pertinente relacionada a la inscripción del Comité -incluyendo el Informe de Recaudación de Fondos- el recurrido "realizó gestiones de manera afirmativa y reiteradas conducentes a la obtención por elección directa del cargo de Representante a la Cámara". Se equivoca el foro apelativo intermedio; nos explicamos.

El Art. 2.003 (6) señala claramente que "aspirante" en el contexto del Código Electoral es "toda aquella persona

que interese obtener una **nominación** formal de una **candidatura** a un puesto electivo **por un partido político**. (Énfasis suplido.) Como vimos anteriormente el término "candidatura" es definido expresamente por el propio Art. 2.003 (10) como una "aspiración individual a cualquier **cargo público**". De manera que es claro que el inciso (6) del Art. 2.003 se refiere, no a personas que aspiran a ocupar un escaño o puesto electivo, sino a aquellas personas que aspiran a conseguir la nominación para competir en las elecciones generales a ese escaño o puesto electivo. Como bien señala la Comisión Estatal de Elecciones en su recurso:

> Nuestro sistema electoral dispone que para poder celebrar unas elecciones generales se requiere el cumplimiento de unos mecanismos previos tanto a los partidos políticos como a los electores. Los partidos tienen derecho a postular "candidatos" a las distintas posiciones electivas y para ello tienen disponible el mecanismo de primarias y el de sección alterna dentro de ciertas fechas. Los electores que aspiran a ser considerados como "candidatos" de su partido a esos puestos electivos tienen a su vez que cumplir dentro de ciertas fechas límites con unos requisitos básicos para poder participar en cualquiera de los dos mecanismos antes mencionados. De aquí surge que sean llamados aspirantes, porque aspiran a una candidatura.[6] (Subrayado en el original.)

La definición que aparece en el artículo 1.003(4) de la Ley Electoral de 2004, Ley Núm. 4 de 20 de diciembre de 1977, según enmendada, señala lo siguiente:

> Candidato— Significará toda persona que figure como aspirante a un cargo público electivo por un partido político en la papeleta de una

---

[6] Estas personas tienen que cumplir con el Art. 8.001 del Código Electoral, *supra*.

elección y hasta noventa (90) días después de celebrada la misma. Cuando se use el término candidato para procedimientos previos a la nominación formal por un partido político, se entenderá que significa aspirante.

Claro está, no todos los candidatos certificados por la Comisión Estatal de Elecciones aspiran bajo la insignia de un partido. Tal es el caso de aquellos ciudadanos que no desean someterse a la reglamentación de partido alguno y optan por presentar su candidatura como "candidatos independientes".[7] Sin embargo, y distinto a una persona que pretende correr por nominación directa, la persona que aspira a convertirse en candidato independiente necesita cumplir con la presentación de una cantidad de endoso, si es que desea agenciarse tal candidatura.[8]

En vista de todo lo anterior, sea que una persona aspire a ser nominado bajo la insignia de un partido, o que aspire a una candidatura como candidato independiente, nos merece toda deferencia la interpretación que del término "aspirante" hace la Comisión Estatal de Elecciones. Entendemos que la misma es razonable en el contexto del Art. 5.009 del Código Electoral, *supra*. Por lo tanto, erró el Tribunal de Apelaciones al considerar al recurrido José L. Rivera Guerra como un aspirante para efectos del Art. 5.009, y confirmar así la sentencia del TPI.

Por otro lado, en Puerto Rico, el Código Electoral le reconoce al ciudadano un **derecho a votar** por cualquier

---

[7] El Art. 2.002 (9) define "candidato independiente" como toda aquella persona que, sin haber sido nominada formalmente por un partido político, figura como candidato a un cargo público electivo en la papeleta electoral, conforme a las disposiciones de esta Ley.

[8] Art. 8.012 (2) del Código Electoral.

persona mediante nominación directa ("*write-in*"). Así surge claramente del Art. 6.001(3) del Código Electoral, *supra*, el cual señala en su parte pertinente:

> Artículo 6.001.-Derechos y Prerrogativas de los Electores.-
>
> Reconocemos como válidos y esenciales los siguientes derechos y prerrogativas a los efectos de garantizar el libre ejercicio de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo:
>     1. ...
>     2. ...
>     3. el derecho del elector al voto íntegro, el voto mixto, al voto por candidatura y a la **nominación directa de personas a cargos públicos electivos**...

Sin embargo, ni nuestra Constitución ni nuestro Código Electoral, *supra*, otorgan un **derecho** a una persona a **participar o competir** en una elección general como candidato por nominación directa. De hecho, existen jurisdicciones en las que los ciudadanos no tienen siquiera derecho a votar por una persona por nominación directa, y tal prohibición se ha sostenido ante ataques de naturaleza constitucional de violación a la Primera y Decimo Cuarta Enmienda de la Carta de Derechos de la Constitución de los Estados Unidos.[9]

De manera que en nuestra jurisdicción, un ciudadano tiene derecho a "votar por", pero no a "aspirar como" candidato "*write-in*" en una elección general. Por lo tanto, si una persona, como en el caso de autos, no puede siquiera reclamar como un derecho aspirar por nominación directa a la

---

[9] Véase <u>Burdick v. Takushi</u>, 504 U.S. 428 (1992).

misma posición que hoy ocupa, mucho menos puede esperar tener derecho a que representantes de "su candidatura" actúen como observadores del proceso.

Resolver lo contrario sería en detrimento de la justicia y abriría una puerta peligrosa. Por eso los Arts. 8.017 y 8.018 establecen requisitos de sustancia y de forma. No puede ser que todo ciudadano que tenga una aspiración a un cargo público electivo, y así lo manifieste con toda fuerza, pasión y haciendo incluso actos afirmativos hacia ese fin, pretenda –por noble sean sus intenciones– que tal acción le conceda el derecho de recibir los beneficios que recibe un candidato formal. Tal pretensión ciertamente sería una burla a todos aquellos que, sometiéndose a un proceso y escrutinio, les fue concedida por el organismo establecido por el Legislador, la certificación que acredita tal esfuerzo.

**IV**

Por los fundamentos antes expuestos, se revocan las sentencias de los foros *a quo*.

Se dictará Sentencia de conformidad.


                              Erick V. Kolthoff Caraballo
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rivera Guerra

    Recurrido

       v.                  CC-2012-987       Certiorari

Comisión Estatal de
Elecciones, et als.

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 5 de noviembre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revocan las sentencias de los foros *a quo*.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión de conformidad a la cual se unen los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón. El Juez Presidente señor Hernández Denton emitió una Opinión disidente a la cual se unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez. La Jueza Asociada señora Fiol Matta emitió una Opinión disidente a la cual se unen el Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rivera Guerra

    Recurrido

       v.

Comisión Estatal de
Elecciones, et als.

    Peticionarios

CC-2012-987      Certiorari

Opinión de conformidad emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ a la cual se unen los Jueces Asociados SEÑORES MARTÍNEZ TORRES, RIVERA GARCÍA Y FELIBERTI CINTRÓN

San Juan, Puerto Rico, a 5 de noviembre de 2012.

A menos de 24 horas para que abran los colegios electorales una minoría de este Tribunal insiste en lanzar sombras a la pureza de los procedimientos administrados por la Comisión Estatal de Elecciones.

En esta ocasión, la disidencia erradamente esboza que se "… atropella el derecho de todo ciudadano a votar por cualquier aspirante que realice actos afirmativos para obtener una candidatura mediante nominación directa…".

Nada más lejos de la realidad. El derecho de todo elector a votar por nominación directa está consagrado en el Artículo 9.012 del Código Electoral del Siglo XXI, 9 L.P.R.A. sec. 4152.

Nótese que el Artículo 9.012, *supra*, establece expresamente en su parte pertinente que: "[a]l extremo derecho de la papeleta se proveerá un espacio en blanco para cada cargo público electivo en donde los electores puedan votar escribiendo el nombre de **una persona** que deseen elegir para un cargo en particular incluido en dicha papeleta." (Énfasis suplido).

Nótese que dicho articulado no cataloga como "candidatos" a las personas que durante el proceso de votación reciban -voluntaria o involuntariamente- una nominación directa. Es por ello que estoy conforme con el razonamiento contenido en la Opinión Mayoritaria, la cual acertadamente no promueve la anarquía en los colegios electorales y reconoce que nuestro ordenamiento electoral no puede ni debe contemplar el espectro de posibles nominados directos y mucho menos concederles *a priori* observadores electorales. ¿Dónde quedaría la igualdad que supuestamente invoca la disidencia? ¿Por qué reconocerle observadores a unas personas por nominación directa y a otros no? ¿Por qué obviar que hay candidatos oficiales de partidos que no tienen derecho a observadores bajo el Código Electoral? Esas son las preguntas que la disidencia no contesta.

El dictamen emitido en el día de hoy de forma alguna interfiere con o atropella el derecho de los electores. Todo lo contrario. Garantiza el cumplimiento de los componentes de las Juntas de Colegio, evitando la participación de entes externos que a última hora deseen alterar la composición y el balance partidista que rige nuestros procesos electorales.

En ese sentido, lo que no debe atropellarse es el orden y la certeza procesal que rige los procedimientos en nuestra

democracia. Como consecuencia de ello, avalo la postura de la mayoría de este Tribunal.


LUIS F. ESTRELLA MARTÍNEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rivera Guerra

    Recurrido

     v.                             CC-2012-987

Comisión Estatal de
Elecciones, et als

    Recurrentes

Opinión Disidente emitida por el Juez Presidente señor Hernández Denton a la cual se unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 5 de noviembre de 2012.

Disentimos de lo resuelto por una mayoría de este Tribunal por entender que la Sentencia del Tribunal de Primera Instancia, en la que se reconoció el derecho a la presencia de observadores en los Colegios Electorales al Sr. José Luis Rivera Guerra, protege la primacía de la expresión electoral, mediante una interpretación integrada y coherente del Código Electoral de Puerto Rico para el Siglo XXI, Ley Núm. 78-2011, 16 L.P.R.A. secs. 401 *et al.* (Código Electoral). Véase, Suárez v. C.E.E. I, 163 D.P.R. 347, 355 (2004). El Tribunal de Apelaciones confirmó este proceder. De esta forma, ambos foros salvaguardaron el derecho del recurrido a velar por que los votos emitidos a su favor se cuenten y adjudiquen correctamente.

Sin embargo, la Opinión mayoritaria, al apartarse de esta interpretación, obstaculiza la transparencia necesaria durante todo proceso eleccionario. Esto, pues reconocer la presencia de observadores en los Colegios Electorales solamente a los candidatos de los partidos políticos y a los candidatos independientes atropella el derecho de todo ciudadano a votar por cualquier aspirante que realice actos afirmativos para obtener una candidatura mediante nominación directa y a que dicho voto se contabilice bajo condiciones de igualdad. Además, se socava la legitimidad y confiabilidad de los resultados electorales y por ende, la aceptación de los mismos por todos los involucrados.

Por esto, confirmaríamos la determinación del Tribunal de Apelaciones, reconociéndole al señor Rivera Guerra el derecho a la presencia de observadores en los Colegios Electorales del distrito para el cual aspira.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rivera Guerra

    Recurrido

      v.

Comisión Estatal de Elecciones,
*et al.*

    Peticionarios        CC-2012-987

Opinión disidente emitida por la Jueza Asociada señora Fiol Matta a la cual se unen el Juez Presidente señor Hernández Denton y la Jueza Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 5 de noviembre de 2012.

Disiento de la decisión que hoy emite la mayoría de este Tribunal. En la Opinión Mayoritaria se cita parcialmente el Artículo 6.001 del Código Electoral. Por disponer lo pertinente a los derechos y prerrogativas de los electores, lo omitido en la Opinión Mayoritaria es de crucial importancia para la controversia que hoy atiende este Tribunal. En el texto íntegro que cito a continuación, la porción omitida se incluye en negrillas:

> Reconocemos como válidos y esenciales los siguientes derechos y prerrogativas a los efectos de garantizar el libre ejercicio de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo:

1. ...

2. ...

3. el derecho del elector al voto íntegro, el voto mixto, al voto por candidatura y a la nominación directa de personas a cargos públicos electivos **bajo condiciones de igualdad en cada caso, conforme se define en esta Ley.**

Esta igualdad de derechos es la que me impide refrendar la Opinión Mayoritaria, que se aleja del análisis integral del Código Electoral para brindar una interpretación restrictiva que desfavorece y lacera la participación democrática. El rol de los observadores es el de servir como guardianes del voto de las y los ciudadanos. Tal como lo reconoció el Tribunal de Apelaciones, esta disposición busca proteger el derecho del elector a la libre emisión del voto y a que éste se cuente y se adjudique de la manera en que el elector lo emita. La participación de los observadores en los comicios electorales no sólo protege el derecho del elector que decide libremente votar por un candidato particular sino que asegura y salvaguarda nuestra democracia.

Liana Fiol Matta
Jueza Asociada